# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DOLORES J. YOCUM,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0211** (BOR Appeal No. 2047427)
(Claim No. 2012019374)

**WHEELING HOSPITAL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dolores J. Yocum, by Jonathan C. Bowman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wheeling Hospital, Inc., by Jennifer B. Hagedorn, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 29, 2013, in which the Board affirmed a July 12, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 19, 2011, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Yocum, a refund clerk, alleges she developed carpal tunnel syndrome in the course of her employment on April 1, 2011. She testified in a deposition on March 27, 2012, that she was first diagnosed with carpal tunnel syndrome ten to fifteen years ago. She was treated with injections and she alleges the symptoms resolved and recently returned. She stated that she spends the majority of her work day typing. She is currently using wrist braces and has used them off and on since she was first diagnosed ten to fifteen years prior. An EMG performed on July 26, 2011, revealed severe bilateral carpal tunnel syndrome.

1

The claims administrator rejected the claim on December 19, 2011. The Office of Judges affirmed the decision in its July 12, 2012, Order. It found that Ms. Yocum had a history of numbness and tingling in her hands and was previously diagnosed with and treated for carpal tunnel syndrome. The Office of Judges noted that she alleged an onset date of April 1, 2011, but did not file a claim until November 8, 2011. Marjorie Bush, M.D., indicated in a treatment note that Ms. Yocum was treated on November 2, 2011, for numbness and tingling in her hands that had been ongoing for ten to fifteen years and worsened in the past year.

The Office of Judges found that West Virginia Code of State Rules § 85-20-41.2 (2006) provides that half of all carpal tunnel syndrome cases are idiopathic in origin. Further, West Virginia Code of State Rules § 85-20-41.5 (2006) lists occupational groups at higher risk for carpal tunnel syndrome and states that studies have failed to show a causal relationship between normal clerical activities and carpal tunnel syndrome. Ms. Yocum's occupation is not in the list of occupational groups at a higher risk for carpal tunnel syndrome. The Office of Judges found that Brad Schmidt, M.D., originally stated on the application for workers' compensation that the condition was non-occupational but changed his opinion in a January of 2012 letter. Though the medical records support a diagnosis of carpal tunnel syndrome, Ms. Yocum testified that she has had the condition for ten to fifteen years. Despite her assertion that the symptoms resolved and recently returned, she stated that she wore her wrist braces off and on throughout the ten to fifteen years since she was first diagnosed. The Office of Judges found that the continued need for management of her pain challenges her contention that her former problems had resolved and lessens the likelihood of a causal relationship between her current problems and her occupation. The Office of Judges therefore held that the claim was not compensable for carpal tunnel syndrome.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its January 29, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Ms. Yocum has failed to show that she developed carpal tunnel syndrome in the course of and resulting from her employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman